## WARREN *v.* ALLEWALT

[No. 200, September Term, 1961.]

*Decided March 19, 1962.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Alexander W. Spedden, Jr.,* for appellant.

*James K. Cullen, Jr.,* for appellee.

PER CURIAM.

This appeal is from the judgment entered against the ap-

pellant after the lower court had granted the motion of the appellee for summary judgment.

The appellee, an attorney, sued the appellant, a client, for the unpaid balance of a fee for professional services. A motion for summary judgment with an affidavit in support thereof and the customary notice to the adverse party to plead were filed with the declaration, pursuant to the requirements of Maryland Rule 610.

The appellant, in pleading to the claim, filed an "answer" to the declaration and an opposing affidavit in which, without setting forth material facts to support his opposition, he claimed that the appellee had improperly, inadequately and negligently represented the appellant in the furtherance and defense of his interests in an equity proceeding (*Warren v. Baltimore Transit Co.*, 220 Md. 478) for the appointment of appraisers to determine the fair value of the petitioner's stock in the transit company, in that the appellee did not raise, argue or advise the appellant of certain basic constitutional arguments, questions of statutory construction and allied matters, which could, and should, have been raised and argued.

At the hearing on the motion, the lower court, in an effort to determine whether there was a genuine dispute between the parties as to a material fact, gave the appellant an opportunity to testify further with respect to the matters he had asserted in opposition to the motion, but when he was asked if there was anything he desired to add to what had been stated in the answer and opposing affidavit, the substance of his reply was to the effect that he had informed the court of everything he wanted it to hear. Whereupon the court, after stating the reasons for its decision, entered summary judgment.

On appeal, the appellant contends that it was error to grant the motion in the "face of the facts" presented in the answer and opposing affidavit and that the lower court should have required oral testimony from the appellee as well as the appellant. Obviously a decision of this case on the merits would depend upon the sufficiency of the evidence and the pleadings, but in the appendix to his brief, the appellant printed only the answer and opposing affidavit. He did not include therein the

oral testimony taken in open court, nor the declaration, motion for summary judgment and supporting affidavit.

The appellee, besides filing a brief on the merits (in which he included such parts of the record he deemed essential to his case), also filed a motion to dismiss the appeal, primarily because the appellant failed to include in his appendix the judgment appealed from, the opinion of the lower court and such of the evidence and pleadings (other than the answer and opposing affidavit) as were necessary for a determination of the questions presented on appeal, as is required by Maryland Rule 828 b 1 (a) and (b).

It is clear that the motion to dismiss must be granted, but we may add that had we considered the case on its merits based on those parts of the record printed in the briefs of the appellee as well as the appellant, it is obvious that the result would not be different.

> *Appeal dismissed; appellant to pay the costs.*